| Christian H. Dribusch (507021) | Hearing Date: | **August 11, 2010** |
|---|---|---|
| The Patroon Building | Hearing Time: | **10:30 a.m.** |
| Five Clinton Square | Hearing Location: | **James T. Foley Courthouse** |
| Albany, NY 12207 | | **445 Broadway** |
| (518) 436-1662 | | **Albany, NY 12207** |

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| In re: | Chapter 11 |
|---|---|
| | Case No.: 08-14239 |
| **GREENER CLEANERS, LTD.,** | |
| | **MOTION AUTHORIZING DEBTOR'S SALE OF ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS PURSUANT TO 11 U.S.C. §363** |
| Debtor. | |

Greener Cleaners, Ltd,, a New York corporation, debtor and debtor-in-possession herein (the "Debtor"), by and through its undersigned counsel, hereby moves this Court for entry of an order authorizing the Debtor to sell certain assets outside the ordinary course of business and enter into a sale agreement (the "Motion"). The proposed agreement is attached Exhibit A. In further support of this Motion, the Debtor alleges:

## BACKGROUND

1. On December 18, 2008 (the "Petition Date"), the Debtor filed in this Court a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. The Debtor has continued in possession of its property and has continued to operate and manage its business as debtor-in-possession pursuant to Bankruptcy Code §1107(a) and §1108.

3. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §157 and §1334.

-1-

4. Venue is proper I this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §1408 and §1409.

5. The statutory predicate for the relief sought is Bankruptcy Code §363(b)(1).

6. Prior to the Petition Date, the Debtor operated as a dry cleaner with thirteen (13) retail stores and a main plant in Schenectady, New York.

## RELIEF REQUESTED

7. The Debtor requests authority to enter into a sale Agreement ("Asset Purchase Agreement") a copy of which is attached hereto as <u>Exhibit A</u> and incorporated herein by reference.

8. The Debtor has a pre-petition line of credit facility with KeyBank National Association secured by most of the personal property of the Debtor. The KeyBank line of credit facility has approximately $200,000.00 outstanding. The Debtor is currently making interest only payments on the facility. To the extent that the Debtor still owes money to KeyBank, the Debtor will apply the proceeds of sale to the line of credit.

9. Because of the Debtor's financial situation and substantial secured debt, the Debtor's new interim management has determined that a stand-alone reorganization is not possible.

10. If the Debtor's operations are to be preserved as a going concern, the sale process must be concluded rapidly. The business has no proprietary products and totally depends on the continued good will, loyalty and order flow of its customers. While the Debtor has been able to persuade its customers to continue with the Debtor during the sale process, it is a virtual certainty that the Debtor's customers will cease doing business with the Debtor if the sale or an alternative transaction is not approved. Any decision by the Debtor's customers to withdraw their business from the Debtor could result in an almost immediate shutdown of the business and its liquidation.

11. Accordingly, it is the Debtor's business judgment that the Debtor's operation must be sold immediately to avoid an erosion in the business's value and a shutdown resulting in the loss of jobs.

12. By this Motion, the Debtor requests an Order pursuant to Bankruptcy Code §363(b)(1) authorizing the sale of the Assets, free and clear of all liens and other interests, to **James and Barbara Partyka** ("Purchaser"), for **$100,000.00** according to terms set forth in the Asset Sale Agreement, subject to higher and better offers made on the return date of the Motion.

13. The Debtor seeks entry of an order authorizing the entry into the Asset Purchase Agreement pursuant to Bankruptcy Code §363(b) and (f).

## **AUTHORITY FOR MOTION**

14. Bankruptcy Code § 363(b)(1) authorizes the trustee (or a debtor in possession, who has the rights and powers of a trustee) to use, sell or lease property of the estate other than in the ordinary course of business.

15. The Debtor may sell free and clear of an interest (including a lien) of an entity other than the estate only if:

> (1) Applicable nonbankruptcy law would permit a sale of such property free of the interest;
>
> (2) The other entity consents;
>
> (3) The interest is a lien and the sale price is greater than the aggregate value of all liens on such property;
>
> (4) The interest is in bona fide dispute; or
>
> (5) The entity could be compelled in a legal or equitable proceeding to accept a money satisfaction of such interest.

16. As discussed in *In re Lionel Corporation,* 722 F.2d 1063 (2nd Cir. 1983), a debtor seeking to sell substantially all of its assets other than in the ordinary course of business must demonstrate some business justification that the proposed sale will aid the reorganization effort.

17. When property is to be sold free and clear of adverse interests, a motion must be made in accordance with Federal Rules of Bankruptcy Procedure Rules 6004(c) and 9014. Thus, when there is an intent to sell an asset free and clear of liens, both notice to creditors and the commencement of a contested matter are required.

18. In determining whether to approve a proposed sale under Bankruptcy Code §363, courts generally apply standards that, although stated variously ways, represent essentially a business judgment test. See, *Committee of Security Holders v. Lionel Corp,* 722 F.2d 1063, 1071 (2nd Cir. 1983).

19. Once the Debtor has articulated a rational business justification, a presumption attaches that the decision was made on an informed basis, in good faith and in the honest belief that the action is in the best interest of the Debtor. See, *Official Committee of Subordinated Bondholders v. Integrated Resources, Inc.,* 147 B.R. 650, 656 (SDNY 1992).

20. In the event that the Court determines that the *Lionel* factors apply, the Debtor submits that the proposed sale meets such criteria. It is respectfully submitted that the sale of the Assets outside the ordinary course of business before the approval of a disclosure statement and confirmation of a plan is justified because the proposed sale of the Assets will afford the Debtor the opportunity to eliminate its expenses in maintaining the Assets, generate funds to pay down its secured debt, and generate funds to fund its other creditors.

21. The proposed sale is subject to higher and better offers.

22. The Purchaser is not an "insider" or "affiliate" of the Debtor.

23. Upon information and belief, the Debtor's total estimated liabilities exceed the purchase price.

24. The Debtor proposes to sell the Assets free and clear of lien and encumbrances including KeyBank National Association's lien, provided, however, that the Debtor is to be authorized to remit $100,000 of the proceeds towards its obligations due KeyBank National Association, if any, upon consummation of the sale with the balance to be held for distribution.

25. Notice of the Motion and Motion has been given to the mailing matrix. In light of the nature of the relief requested herein, the Debtor submits that no further notice need be given.

26. No previous application for the relief requested herein has been made by the Debtor to this or any other court.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an Order pursuant to 11 U.S.C. § 363(b)(1) authorizing the sale of the Assets free and clear of all liens and other interests, such liens and other interests to attach to the proceeds of sale, pursuant to the terms and conditions set forth in this Motion and the annexed asset Sale Agreement, together with such other and further relief as to this Court may seem just and proper.

Dated this 9th day of July, 2010

By: */s/ Christian H. Dribusch*
    Christian H. Dribusch
    The Patroon Building
    Five Clinton Square
    Albany, NY 12207
    (518) 436-1662

OFFER OF PURCHASE OF ASSETS
OF GREENER CLEANERS, LTD.
(formerly KEM CLEANERS)
By
JAMES PARTYKA and BARBARA PARTYKA

JAMES PARTYKA and BARBARA PARTYKA [hereinafter "Purchaser"] offers to purchase some of the assets of Greener Cleaners upon the following terms and conditions:

1. Assets Purchased

All assets of Greener Cleaners, tangible and intangible, goodwill and all intellectual property, including all accounts receivable and inventory, whether or not yet processed, together with all trade fixtures, leasehold improvements and inventory situate at the Altamont Avenue, Schenectady County, New York State store location. Contingent on the agreement of Purchaser and the landlord to a lease acceptable to Purchaser as well as release of the Seller by the landlord from any and all liability related to the use of the Business premises or its lease of the same.

Excluding cash on hand at date of closing.

2. Price

Price offered is One Hundred Thousand Dollars ($100,000) cash or certified funds dependent upon negotiation of lease for Altamont location.

3. Conditions Precedent-the following terms to be incorporated into a negotiated Asset Purchase Agreement:

a. Subject to Bankruptcy Court Approval.

Offer is a subject to and made expressly contingent upon the approval of the United States Bankruptcy Court for the Northern District of New York in Case No. 08-14239 of the sale of Greener Cleaners' assets to Purchaser upon the terms of this offer.

b. Subject to Due Diligence.

Offer is subject to completion of due diligence review which shall be completed by Purchaser by August 10, 2010 with an Asset Purchase Agreement to be negotiated concurrently. Closing date to occur on or about September 10, 2010.

c. Subject to obtaining financing.

Offer is contingent upon Purchaser obtaining approval of financing whose terms and conditions are acceptable to Purchaser.

Exhibit 1

d.  Subject to approval by New York State Department of Taxation and Finance.

Offer is contingent upon Seller obtaining release from New York State Tax Department of liability from bulk sales or sales tax.

4.  No Assumption of Liabilities.

Purchaser is not assuming any liabilities of Greener Cleaners and Greener Cleaners shall hold Purchaser harmless from any claims based on any of Greener Cleaners' liabilities.

Exhibit 1